## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of **Richmond** County

**EFILED IN OFFICE**
**CLERK OF STATE COURT**
**RICHMOND COUNTY, GEORGIA**
**2023RCSC00592**
**MONIQUE WALKER**
**MAY 01, 2023 04:02 PM**

*Hattie Holmes Sullivan*
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**For Clerk Use Only**

Date Filed **05-01-2023**          Case Number **2023RCSC00592**
MM-DD-YYYY

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Herron, Bryon M | | | | | Circle K Stores, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Herron, Benny L | | | | | Spirit CK Portfolio I, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | John Does 1 through 5 | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney **Dalton, Daniel**       Bar Number **451804**       Self-Represented ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Contempt/Modification/Other Post-Judgment
☐ Garnishment
☑ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**
☐ Adoption
☐ Contempt
   ☐ Non-payment of child support, medical support, or alimony
☐ Dissolution/Divorce/Separate Maintenance/Alimony
☐ Family Violence Petition
☐ Modification
   ☐ Custody/Parenting Time/Visitation
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                       Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2023RCSC00592**
MONIQUE WALKER
MAY 01, 2023 04:02 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| BENNY L. HERRON and BRYON M. HERRON, as next of kin to JENEFER HERRON, Deceased, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION FILE ) NO. ) ) |
| vs. | ) ) |
| CIRCLE K STORES, INC., SPIRIT CK PORTFOLIO I LLC, and JOHN DOES #1-10, | ) ) ) ) ) |
| Defendants, | ) |

**TO THE ABOVE-NAMED DEFENDANT:**

COME NOW Plaintiffs in the above-styled action and hereby file this Complaint as follows:

### FACTS

1. On April 18, 2022, 52-year-old Jenefer Herron ("Ms. Herron") was shot and killed in Defendants' Circle K parking lot ("the subject parking lot" or "the subject gas station") located at 1739 Walton Way, Augusta, GA.

2. Ms. Herron went to the subject Circle K convenience store and gas station to make a purchase.

3. While inside the store, the assailant, Yelena Buckner, began to cause a disturbance, acting belligerent and aggressive.

4. The assailant made threatening and racist remarks toward Ms. Herron and others.

5. All of this was done in the presence of Defendants' employees.

6. Notwithstanding, Defendants' employees did not remove or trespass the assailant or otherwise take any action to prevent the acts of violence committed by Yelena Buckner. Neither did they contact the police.

7. Ms. Herron left the store and approached her vehicle, at which time the assailant shot and killed Ms. Herron.

8. Prior to April 18, 2022, Defendants had knowledge of drug activity, criminal trespass, robberies, weapons, assaults, and constant loitering on or near the subject premises.

9. Further, Defendant had knowledge of homicides, shootings, robberies, assaults, and other violent acts at other Circle K gas stations owned and operated by Defendants in the Augusta area.

## THE PARTIES

10. Plaintiffs Benny L. Herron and Bryon M. Herron are the biological children of Ms. Jenefer Herron, deceased. Plaintiffs are all residents and citizens of Georgia. Ms. Herron was a resident of Georgia and was an invitee at the subject premises at the time she was killed.

11. Upon information and belief, Defendants Circle K Stores, Inc. ("Defendant Circle K") and Spirit CK Portfolio I, LLC ("Defendant Spirit") were the owners, operators, landowners, and managers of of the subject store a premises and exercised control over the premises, including the interior of the store and the parking lot. Defendants are subject to the jurisdiction and venue of this Court. Defendants and their officers, agents, and employees were involved in the acts or omissions in the State of Georgia which give rise to this lawsuit. Defendants committed tortious acts or omissions in Richmond County, thus, venue is proper.

12. Upon information and belief, service can be made on Defendant Circle K by serving its Registered Agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

13. Upon information and belief, service can be made on Defendant Spirit by serving its Registered Agent, CT Corporation Systems, 289 S. Culver Street, Lawrenceville, GA 30046.

14. Defendants John Does 1-10 ("John Does") are unknown and unidentifiable at this time, but whose negligence harmed, caused, and contributed to cause Ms. Herron's injuries death. Defendants John Does 1-10 include, but are not limited to, property management companies, independent contractors, security companies/personnel, and other entities that either owned, controlled, or managed the subject premises where the underlying shooting occurred. These persons and/or entities will be served upon identification.

**FIRST CAUSE OF ACTION**
**(Negligence and Negligence *Per Se*)**
**AGAINST ALL DEFENDANTS**

15. At all relevant times herein, Defendants had a legal duty to keep the subject premises in a state consistent with the due regard for the safety of its invitees and guests. Moreover, Defendants had a legal duty to protect invitees from third-party criminal attacks. Defendants breached their duties owed to Ms. Herron by failing to exercise ordinary care to keep the premises safe in one or more of the following ways:

   a) Failing to remove dangerous persons from its property on April 18, 2022;

   b) Failing to have any security guards and/or off-duty police officers patrolling the subject premises at the time Ms. Herron was shot;

3

c) Failing to have adequate security officer and/or off-duty security patrols despite its knowledge of numerous prior violent crimes having occurred;

d) Failing to install, maintain or repair security equipment such as surveillance cameras so that such equipment would be properly functioning on and prior to April 18, 2022;

e) Failing to monitor surveillance cameras so as to keep dangerous persons from coming onto the subject premises and/or loitering on the subject premises;

f) Failing to maintain and enforce criminal trespass lists and procedures, including, but not limited to, "banned persons" policies and procedures;

g) Failing to take appropriate action to deter foreseeable crime such as the shooting that led to Ms. Herron's injuries and death;

h) Failing to take reasonable actions in response to prior employee and/or customer safety concerns;

i) Failing to properly document prior employee and/or customer safety concerns;

j) Failing to properly allocate enough resources to security measures despite actual knowledge of extensive violent crime occurring in the common areas of the premises prior to April 18, 2022;

k) Failing to take reasonable steps to make itself aware of the dangerous conditions that existed at the subject premises on and prior to April 18, 2022;

    l)    Failing to remedy one or more security deficiencies about which it was on notice;

    m)    Failing to maintain, inspect, secure, patrol, and manage the subject premises;

    n)    Falsely representing to invitees and their guests that the subject premises was safe;

    o)    Knowingly violating its own policies, protocols, and procedures which were designed in whole or in part to prevent or deter unauthorized persons from coming onto the premises and engaging in criminal activity;

    p)    Failing to adequately supervise, hire, train, and retain its employees and agents and for the entrustment of the premises to its agents and employees;

    q)    Failing to warn business invitees, including Ms. Herron, of dangerous conditions and criminal activity at the subject premises; and

    r)    All other acts of negligence as may be shown at the time of trial.

16. Defendants were negligent *per se* for having committed acts or omissions inconsistent with their duties under Georgia statutory law (O.C.G.A. § 51-3-1) to keep the premises and approaches of the subject premises safe for invitees and guests such as Ms. Herron.

17. Defendants were negligent *per se* for having committed acts or omissions inconsistent with their duties under Georgia statutory law (O.C.G.A. § 44-7-13) to keep the premises and approaches in repair.

18. As a direct and proximate result of Defendants' negligence, Ms. Herron was shot, experienced pain and suffering, and ultimately died. But for Defendants' negligence, Ms. Herron would not have been shot and killed.

19. Plaintiffs state their intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial.

20. Plaintiffs are entitled to recover punitive damages from Defendants because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of an impartial jury.

21. Defendants' actions evidence a species of bad faith, and Defendants were and are stubbornly litigious. Thus, Plaintiffs are entitled to recover necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

## SECOND CAUSE OF ACTION
### (Public Nuisance)
### AGAINST ALL DEFENDANTS

22. Despite its actual knowledge of the dangerous environment of the premises and absence of adequate security measures, Defendants failed to take appropriate action to remedy or reduce the danger to the invitees, including Ms. Herron, and allowed the dangerous environment on the premises to continue to exist unabated, thereby creating a nuisance.

23. Defendants had knowledge of the nuisance and allowed said nuisance to continue.

24. As a direct and proximate result of said nuisance, Ms. Herron was shot and killed.

Case 1:23-cv-00069-JRH-BKE   Document 1-2   Filed 06/02/23   Page 8 of 17

25. Plaintiffs state their intention and desire to bring each permissible, proper, and authorized claim for damages under Georgia law, including general, special, compensatory, consequential, economic, punitive, and other damages as proven by the evidence at trial.

26. Plaintiffs are entitled to recover punitive damages from Defendants because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of an impartial jury.

27. Defendants' actions evidence a species of bad faith, and Defendants were and are stubbornly litigious. Thus, Plaintiffs are entitled to recover necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other applicable statutory or common law basis.

WHEREFORE, Plaintiffs pray that:

(a)   Process be issued as provided by law;

(b)   Plaintiffs be awarded actual damages in amounts to be shown at trial from Defendants;

(c)   Plaintiffs have and recover any and all damages allowed by law and as proven by the evidence, including all general, special, compensatory, economic, and punitive damages from Defendant in an amount to be determined by the enlightened conscience of an impartial jury;

(d)   Plaintiffs have a trial by jury; and

7

(e)   Plaintiffs have such other relief as this Court deems just and proper.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

This 1st day of May, 2023.

                                               Respectfully submitted,

                                               **MICKELSEN DALTON, LLC**

                                               */s/ Daniel R. Dalton*
                                               Daniel R. Dalton, Esq.
                                               Georgia Bar No. 451804
                                               danny@mickelsendalton.com
                                               Brian C. Mickelsen
                                               Georgia Bar No. 300307
                                               brian@mickelsendalton.com
                                               P. (843) 804-0428
                                               F. (843) 695-7777

25 Society Street
Charleston, SC 29401
(678) 641-9054                              *Attorneys for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2023RCSC00592**
MONIQUE WALKER
MAY 01, 2023 04:02 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

Civil Action File No. 2023RCSC00592

| | | |
|---:|:---:|:---|
| Herron, Bryon M | ) | |
| Herron, Benny L | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Judge: MONIQUE WALKER |
| | ) | |
| Circle K Stores, Inc. | ) | |
| Spirit CK Portfolio I, LLC | ) | |
| John Does 1 through 5 | ) | |
| Defendants | ) | |

## AMENDED STANDING ORDER FOR MEDIATION IN CIVIL CASES

In accordance with the mandate of the Georgia Constitution of 1983 that the judicial branch of government provide "speedy, efficient and inexpensive resolution of disputes and prosecutions," and pursuant to the Georgia Supreme Court's Alternative Dispute Resolution Rules encouraging the use of alternative dispute resolution by the courts of this state, this **Amended Standing Order for Mediation in Civil Cases** is hereby entered. As set forth herein, all contested civil matters filed in the State Court of Richmond County, **unless exempted** as set forth below, must be mediated in accordance with this Order.

When the presiding judge orders mediation in any case, mediation must be conducted in compliance with this Order unless otherwise ordered by the judge. All such mediation shall be conducted in accordance with the rules of the Augusta Judicial Circuit Alternative Dispute Resolution Program (hereinafter "ADR Program"). **The referring judge shall enter an Order Referring the Case to ADR.** This order will be filed with the Clerk of Court, and a copy of the

1

order will be provided to the ADR program, the parties, and attorneys of record. Upon referral to the ADR Program, cases shall be screened to determine whether the case is appropriate for ADR, whether the parties are able to compensate the mediator, or whether a need for emergency relief makes referral inappropriate.

**SELECTION OF A MEDIATOR.**

The parties shall utilize a mediator registered by the Georgia Office of Dispute Resolution. Should the parties wish to choose a mediator who has been chosen for service in the Augusta Judicial Circuit ADR Program, they can find the AJC ADR Program roster at: www.augustaga.gov/ADR/Roster. Should the parties fail to agree upon a mediator, the Court or the ADR Director will appoint one for them and may set the fee. Unless otherwise agreed, the parties shall share the cost of the mediator equally and should be prepared to pay the mediator at the conclusion of the session. Any party unable to afford the cost of mediation may apply for a Fee Waiver or Fee Reduction at www.augustaga.gov/ADR/FWA.

In the event that parties desire to use a mediator who has not been chosen for service in the Augusta Judicial Circuit ADR Program, the parties may do so, provided the mediator is registered by the Georgia Office of Dispute Resolution https://godr.org/ . Furthermore, if the parties choose a mediator who is not in the AJC ADR Program, they must notify the court or the ADR Director, in writing, of the name of the name of the mediator, the time, and the location of mediation. The selected mediator shall be paid, by the parties, in accordance with the agreement of the parties and the mediator.

Parties shall contact the mediator directly and schedule the mediation. The plaintiff/plaintiff s counsel shall provide the date of the mediation and the name of the mediator

selected on the Notice of Mediation Status Form (attached hereto) by email or U.S. Mail to the ADR Director **prior to the scheduled session.**

The parties and their counsel shall negotiate in *good faith* to resolve all issues in the case with the mediator. Within *seven* calendar days after mediation the parties shall notify the ADR Office at adr@augustaga.gov whether the mediation was successful. In the absence of settlement, the partiers lose none of their rights to a final hearing or trial.

Compliance with this Order does not require the parties to reach a settlement. The mediator has no authority to compel settlement. Any settlement is entirely voluntary.

**APPEARANCE.**

The presence of parties at all mediation conferences is required unless the court excuses attendance for good cause shown. The requirement that a party appear at a mediation conference is satisfied if the following persons are physically present:

The party and/or:

(1) The party's representative who has:

(i) Full authority to settle without further consultation; and

(ii) A full understanding of the dispute and full knowledge of the facts;

(2) A representative of an insurance carrier for any insured party if that representative has full authority to settle without further consultation, except that telephone consultations with persons immediately available are permitted. Appearance of an insurance carrier's representative by telephone or other remote technology is permitted only if all parties and the Court agree.

Virtual attendance is available upon written request to the ADR office by one or more parties and approval by the Court.

**DISCRETIONARY EXEMPTIONS.**

Any party may petition the court to exempt the case from mediation by filing a Mediation Exemption Petition, **a copy of which shall also be provided to the ADR Office via email at adr@augustaga.gov.** An exemption from mediation may be requested for the following reasons:

(1) The issue(s) to be considered has been previously mediated by a mediator registered with the Georgia Office of Dispute Resolution;

(2) The issue(s) has been referred by order of the Court to a private provider of ADR services (provided that the neutral is registered with the Georgia Office of Dispute Resolution);

(3) Good cause shown before the judge to whom the case is assigned.

Any exemption shall be within the discretion of the Court.

**MANDATORY EXEMPTIONS.**

The following shall be exempt from mediation except upon petition of all parties or upon *sua sponte* motion of the Court:

(a) Appeals from rulings of administrative agencies;

(b) Forfeitures of seized properties;

(c) Bond validations; and

(d) Declaratory relief

**CONFIDENTIALITY AND PRIVILEGE.**

The Georgia Supreme Court Alternative Dispute Resolution Rules and the Augusta Judicial Circuit Alternative Dispute Resolution Rules provide protections, immunities, and benefits to parties, counsel, and registered neutrals in properly conducted court-connected mediations. All

4

submissions provided to a registered mediator, discussions, representations, and statements made in connection with a court-connected mediation proceeding shall remain confidential and privileged consistent with Georgia law. Parties and neutrals acting in a court-annexed or court-referred ADR process are entitled to these confidentiality and immunity protections. (Supreme Court ADR Rule 8). Non-registered mediators do not have the confidentiality or immunity protections provided under Rule 8.

## EFFECTIVE DATE OF ORDER

This order shall become effective April 26, 2023 and shall apply to all civil cases, including existing cases, except those exempted as described above.

**SO ORDERED** this 26th day of April, 2023.

_____
Honorable Kellie K. McIntyre, Chief Judge
State Court of Richmond County, Georgia

# IN THE STATE COURT OF RICHMOND COUNTY, GEORGIA

## CIVIL ACTION FILE NO. _____

_____, )
**Plaintiff,** )
)
**VS.** )
)
_____, )
**Defendant** )

## NOTICE OF MEDIATION STATUS

❑ I do hereby confirm that the parties in the above-styled action have selected and agreed to the following registered mediator:

Mediator's Name: _____

Date of Mediation: _____

❑ Parties request a mediator be assigned by the AJC ADR Program.

❑ Case Dismissed/Case Settled prior to mediation.

❑ Mediation exemption granted. (See copy attached.)

This _____ day of _____, 20\_\_\_\_\_.

_____
Plaintiff's Counsel

Printed Name: _____

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA

**2023RCSC00592**

MONIQUE WALKER
MAY 01, 2023 04:02 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER  2023RCSC00592

Herron, Bryon M
Herron, Benny L

_____

**PLAINTIFF**

VS.

Circle K Stores, Inc.
Spirit CK Portfolio I, LLC
John Does 1 through 5

_____

**DEFENDANTS**

## SUMMONS

TO: SPIRIT CK PORTFOLIO I, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Daniel Dalton**
**Mickelsen Dalton LLC**
**25 Society Street**
**Charleston, South Carolina 29401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of May, 2023.**

Clerk of State Court

_____
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1

# STATE COURT OF RICHMOND COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2023RCSC00592**
MONIQUE WALKER
MAY 01, 2023 04:02 PM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

CIVIL ACTION NUMBER 2023RCSC00592

Herron, Bryon M
Herron, Benny L

**PLAINTIFF**

VS.

Circle K Stores, Inc.
Spirit CK Portfolio I, LLC
John Does 1 through 5

**DEFENDANTS**

## SUMMONS

TO: CIRCLE K STORES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Daniel Dalton**
> **Mickelsen Dalton LLC**
> **25 Society Street**
> **Charleston, South Carolina 29401**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 1st day of May, 2023.**

Clerk of State Court

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

Page 1 of 1